UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNIE GREEN, | ) | Civ. 11-4039-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION TO DISMISS |
| FIRST PREMIER BANK, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Donnie Green, filed a pro se complaint against defendant, First Premier Bank (First Premier), alleging violations of the Fair Credit Reporting Act (FCRA) and a series of state common law claims. First Premier moves to dismiss Green's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Green has not responded to the motion to dismiss and the time for response has passed.

**FACTS**

Green alleges that in March 2011 he experienced emotional distress in connection with a charge-off listed by First Premier on his credit report. Green states that he disputed the information listed by First Premier by filing an online form via Experian, a consumer reporting agency. Experian subsequently contacted First Premier. First Premier then reported to Experian that it had verified the disputed information on Green's credit report.

Based on these facts, Green asserts that First Premier furnished inaccurate information about a debt and failed to comply with the FCRA. Green also asserts that he "suffered loss of self-esteem and peace of mind" and "emotional distress, humiliation and embarrassment, and defamation of Credit." In addition to his FCRA claims, Green asserts state-law claims for negligent, reckless, and wanton conduct, harassment, invasion of privacy, defamation, and intentional misrepresentation.

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal pursuant to Rule 12(b)(6) is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota,* No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4,

2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). But broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

## DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). In enacting the FCRA, Congress sought to make "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). Consequently, the FCRA has "several mechanisms to protect consumer credit information, some of which apply to consumer reporting agencies while others apply to users of the information provided by those agencies." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). The act

also imposes duties on the sources that provide credit information to consumer reporting agencies, called "furnishers" in the statute; these duties are set forth at § 1681s-2. "The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies. *See* H.R. Rep. No. 108-263, at 24 (2003). This action concerns the duties of First Premier Bank as a furnisher of credit information.

**I.     Green's FCRA claims fail to state a claim upon which relief may be granted.**

    **A.     There is no private right of action under 15 U.S.C. § 1681s-2(a).**

Green alleges that First Premier violated its duty to provide accurate information to credit reporting agencies. While Green does not provide a specific statutory reference to support his allegation, First Premier argues that to the extent Green's claim is based on an alleged violation of 15 U.S.C. § 1681s-2(a), it should be dismissed because there is no private right of action against a furnisher of information under that particular section of the FCRA.

Section 1681s-2(a) provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1). The FCRA also imposes a duty to notify consumer reporting agencies that the debt is disputed by a consumer.  Section

4

1681s-2(a)(3) provides that "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." But the FCRA expressly provides that a violation of these sections "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in Section 1681s of this title." 15 U.S.C. § 1681s-2(d). Thus, Green does not have a private right of action to bring claims based on First Premier's duty to furnish accurate information to Experian and the other consumer reporting agencies. *See, e.g., Thulin v. EMC Mortgage Corp.,* No. 06-3514, 2007 WL 3037353 at * 6 (D. Minn. Oct. 16, 2007) (finding that "there is no private right of action against one who furnishes inaccurate information to a credit bureau in violation of Section 1681s-2(a)") (citing *Yutesler v. Sears Roebuck & Co.,* 263 F. Supp. 2d 1209, 1210-11 (D. Minn. 2003); *Gordon v. Greenpoint Credit,* 266 F. Supp. 2d 1007, 1010 (S.D. Iowa 2003)). Accordingly, Green's claims based upon First Premier's duty to furnish accurate information are dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Green has not alleged that he does not actually owe the reported debt.

Green also appears to assert claims based upon First Premier's statutory duty to investigate upon receiving notice from Experian that he disputed the debt. Green cites 15 U.S.C. § 1681s-2(b) and states "[d]efendant First Premier Bank furnished inaccurate information about this debt, namely that said account was disputed by the Plaintiff in violation of . . . 15 U.S.C. § 1681s-2(b)." First Premier concedes that there is a private right of action under this provision of the FCRA, but it argues that Green's claim must be dismissed because he has not alleged that he does not actually owe the debt reported on his credit report.

A furnisher cannot be held liable under section 1681s-2(b) simply for failing to report that a debt is disputed. Rather, a furnisher may only be liable if the omission is "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co. of Virginia*, 526 F.3d 142, 148 (4th Cir. 2008); *Selpulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895-95 (5th Cir. 1998); *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C. Cir. 1984). The Ninth Circuit explained that:

> In other words, a furnisher does not report "incomplete or inaccurate" information within the meaning of Section 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute,

> a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under Section 1681s-2(b).

*Gorman*, 584 F.3d at 1163.

Here, Green refers to the debt in question as an "invalid debt." Docket 1 at 3. But he does not allege that he paid the debt or that he is not the individual responsible for the debt. Thus, Green has not alleged a bona fide dispute that would require First Premier to report Green's debt as disputed to Experian. In *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1107-08 (8th Cir. 2006), the Eighth Circuit Court of Appeals affirmed a grant of summary judgment in favor of the defendant bank because the plaintiff "failed to produce any evidence from which a reasonable jury could have determined that the report was false[.]" In *Beyer*, the plaintiff at least alleged in his complaint that he had paid the debt owed to the defendant bank in full and that the bank falsely reported the status of his credit account. *Id.* But when the defendant bank moved for summary judgment, the plaintiff failed to provide an affidavit, copy of a canceled check, credit statement, receipt, or other documentation that would demonstrate that the debt had been paid in full. *Id.* In the present case, Green does not allege in his complaint that he has paid the debt nor does he allege any facts that suggest he does not legitimately owe the debt reported by First Premier or that the reported debt was inaccurate or incomplete. Accordingly, Green fails to state a claim and

dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C.     First Premier has no duty to update Green's credit report.

Green also alleges that First Premier violated the FCRA when it refused to properly update his credit report with Experian after Experian notified First Premier that Green was disputing the debt. First Premier argues that this claim is subject to dismissal because First Premier verified the information in the credit report.

Under § 1681s-2(b)(1), a furnisher only has a duty to "update" a consumer's credit report if the furnisher's investigation finds the information to be incomplete or inaccurate. *See* 15 U.S.C. § 1681s-2(b)(1)(D) (stating that "if the investigation finds that the information is incomplete or inaccurate, [a furnisher of information] must report those results to all other consumer reporting agencies to which the person furnished the information . . . "); 15 U.S.C. § 1681s-2(b)(1)(E) (stating that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation," a furnisher of information must modify, delete, or permanently block the reporting of that item of information").

But Green does not allege that First Premier found his credit report to be inaccurate or incomplete. Conversely, he admits that First Premier *verified* the information with Experian. *See* Docket 1, Complaint, Factual Summary, ¶ 1

8

("Defendant reported this information as verified to Defendant Experian.").[1] Because First Premier verified the information, it had no duty under the FCRA to update Green's credit report. Thus, Green fails to state a claim upon which relief may be granted, and his claim is dismissed.

> D. **Green had not alleged sufficient facts to support a claim that First Premier violated the reinvestigation procedures of the FCRA.**

Green's final claim under the FCRA is that First Premier "willfully and/or negligently [failed] to comport with [the] reinvestigation procedures listed by the FCRA." Docket 1, Complaint, FCRA Claims ¶ 2(a). The FCRA's "reinvestigation procedures" are triggered by notice from a consumer reporting agency that the consumer is disputing a debt. 15 U.S.C. § 1681s-2(b)(1). When the furnisher receives notice that the debt is disputed, it must conduct an investigation with respect to the disputed information, review all relevant information provided by the consumer reporting agency, and report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1). Green fails to allege any facts in support of his claim that First Premier failed to comply with these procedures. Despite the liberal construction afforded to pro se complaints, Green must still "allege facts sufficient to support the claims" he advances. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Green actually admits that

---

[1] Green refers to Experian as a defendant in his complaint, but Experian is not named as a defendant in this action.

9

First Premier complied with these procedures when he states that First Premier reported the information as verified to Experian after he initiated his dispute. Thus, Green has failed to state a claim upon which relief may be granted and his FCRA claims are dismissed pursuant to Rule 12(b)(6).

## II. The court declines to exercise jurisdiction over Green's pendent state-law claims.

Green also alleges state-law claims for negligent, reckless, and wanton conduct, harassment, invasion of privacy (intrusion into private affairs), defamation, and intentional misrepresentation. He bases these state-law claims on First Premier's actions in furnishing credit information to Experian, a consumer reporting agency. First Premier asserts that it is entitled to dismissal of Green's state-law claims because they are preempted by the FCRA.

A district court may decline to exercise its supplemental jurisdiction over state-law claims "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed." *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005). *See also Keating v. Nebraska Public Power Dist.*, No. 10-2441, slip. op. at *7 (8th Cir. Nov. 7, 2011) (" 'In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise

10

jurisdiction over the remaining state-law claims.' ") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because Green's FCRA claims are dismissed for failure to state a claim upon which relief may be granted, the court finds that considerations of judicial economy, fairness, and comity weigh in favor of dismissing Green's state-law claims without prejudice. Therefore, it is

ORDERED that First Premier's motion to dismiss (Docket 12) is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Green's state-law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

Dated November 21, 2011.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              CHIEF JUDGE